IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NELSON J. ADORNO-MEDINA**
  Petitioner,

   v.

**UNITED STATES OF AMERICA,**
  Respondent.

**CIVIL NO. 09-1997(PG)**
**RELATED CRIM. 05-215(PG)**

## **OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.9). Petitioner filed a Reply to the Government's Response (D.E. 10). For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

## **I. BACKGROUND**

On November 17, 2005, Petitioner, Nelson J. Adorno-Medina (hereinafter "Petitioner" or "Adorno-Medina") and ten (10) additional co-defendants were indicted in a Superseding Indictment by a Federal Grand Jury (Crim. D.E. 25)[2]. Petitioner was specifically charged with conspiracy to import five (5) kilograms or more of cocaine into the United States from the Dominican Republic, in violation of Title 21, United States Code, Sec. 952(a) and 963; conspiracy to possess with intent to distribute five (5)

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 09-1997(PG)                                              Page 2

kilograms or more of cocaine, in violation of Title 21, United States Code, Secs. 841 and 846; aiding and abetting in the attempt to posses with intent to distribute five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Section 841 and 18, United States Code, Section 2; and a criminal forfeiture of property, in violation of Title 21, United States Code, Section 853 and 18, United States Code, Section 982 (Crim. D.E. 25).

On May 19, 2006, on the last day of the jury trial, the jury returned a verdict as to Adorno-Medina for all the counts with which he was charged with in the Superseding Indictment (Crim.D.E. 187).  The jury made a specific finding as to the particular drug quantity involved in each of the three counts in which Adorno-Medina was charged (T.T. 5/19/06, at 3-5).  On September 5, 2006, Petitioner, through his counsel, filed his Objections to the Pre-Sentence Report[3] (Crim.D.E. 254).

On September 14, 2006, Adorno-Medina's Sentencing Hearing was held (Crim.D.E. 269).  At that time the Pre-Sentence Report had been amended to place Adorno-Medina's participation in the offense between a minor and a minimal participant and gave Petitioner a three (3) level reduction.  Adorno-Medina's counsel stated he had no objections to the amended Pre-Sentence Report (S.H.T. of

---

[3] Adorno-Medina was requesting that he be considered a minimal participant and therefore granted a four (4) level reduction to his sentencing calculation.

Civil No. 09-1997(PG)                                                          Page 3

9/14/2006 at 4). The Court proceeded to sentence Petitioner to a term of imprisonment of one hundred and thirty five (135) months, as to each count of conviction to be served concurrently with each other, a term of Supervised Release of five (5) years as to each count of conviction, to be served concurrently with each other and a Special Monetary Assessment of one hundred (100) dollars as to each count of conviction for a total amount of three hundred (300) dollars[4] (Crim.D.E.277). On September 22, 2006, Adorno-Medina filed a Notice of Appeal (Crim.D.E. 276). On March 25, 2008, the First Circuit Court of Appeals affirmed Adorno-Medina's conviction. The Court stated:

> We have reviewed the record and the parties' submissions. We allow the appellant's motion to waive oral argument, and we affirm the judgment. The district court did not err in denying the motion for acquittal. The appellant, Nelson Adorno-Medina ("Adorno"), argues that the government failed to introduce any evidence showing that he was aware that the cargo was cocaine, and he makes much of the fact that at no time throughout the recorded conversations is there any mention of "cocaine". But, given the

---

[4] The sentence imposed by the Court was the lower end of the applicable guideline range and that which the Pre-Sentence Report was recommending.

undercover agent's testimony that members of drug conspiracies typically use code words, and that he had never seen a drug supplier send a courier who was not aware that he was picking up illegal drugs, the fact that the recorded conversations never used the words "cocaine" or "drugs" is of little consequence. Moreover, the jury reasonably could have inferred that a drug courier would only send a trusted associate who was fully aware of the nature of the cargo, given the value of such a large amount of cocaine - approximately $1 million– and the need to take steps to avoid detection while transporting it. Thus, a rational fact finder could have found Adorno guilty of the charges.  See United States v. Garcia-Carrasquillo, 483 F.3d 124, 129-30 (1st Cir. 2007), cert. denied, 128 S.Ct. 338 (2007).

Adorno also argues that the government engaged in improper vouching during closing argument.  We see no error which would require a new trial.  We are not convinced that the remark constituted vouching at all, as it appears that the government's attorney simply was telling the jury that, in light of the undercover agent's extensive experience investigating drug transactions, his testimony that "everybody who comes to pick up drugs knows what's going on" was credible and

>should be accepted by the jury. Even if the remark were an improper expression of counsel's personal belief, it does not require reversal. The remark was an isolated one, and there was ample evidence which, if accepted by the jury, tended to show that Adorno was aware he was picking up illegal drugs. See United States v. Smith, 982 F.2d 681, 684 (1st Cir. 1993)(citations omitted).

United States v. Adorno-Medina, Appeal No. 06-2433. No request for writ of certiorari was filed, and the conviction became final on June 23, 2008. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Adorno-Medina had until June 23 2009, to timely file his 2255 petition. Using the "prison mail box rule" as established by the First Circuit Court in United States v. Morales-Rivera, 184 F.3d 109 (1st Cir. 1999), the Court must find Adorno-Medina's sec. 2255 petition to be timely, as he signed and certified that he deposited in the prison mail box said petition on June 7, 2009[5].

## II. DISCUSSION

---

[5] The Court notes that although Adorno-Medina certifies the date of deposit in the prison mailbox as that of June 7, 2009, the envelope in which the petition is mailed is postmarked September 22, 2009. That is three and a half months after Adorno-Medina's certification and three months after the statute of limitations for its filing had expired.

In his 2255 Petition, Adorno-Medina makes a general allegation of ineffective assistance of counsel stating that he was entitled to effective counsel during critical stages of the prosecution. Petitioner fails to supply which critical stage he is referring to or the alleged ineffectiveness of his counsel. The Court will deem waived this first argument and will therefore delve no further in the matter. See Cody v. Unites States, 249 F.3d 47 (1st Cir. 2001).

Adorno-Medina further alleges that his counsel was ineffective in not arguing and obtaining a minimal participant role for him for purposes of sentencing guideline calculations. Finally, Petitioner alleges that his counsel was ineffective in not objecting to the drug amount he was held responsible for in the Pre-Sentence Investigation Report. Both allegations are contrary to the record and shall be **DENIED.**

Ineffective Assistance of Counsel Standard

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed in a claim of ineffective assistance of counsel Adorno-Medina must show both incompetence and prejudice: (1) Petitioner must show that counsel's representation fell below an

objective standard of reasonableness, and (2) Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Darden v. Wainwright, 477 U.S. 168 (1986), Lockhart v. Fretwell, 506 U.S. 364 (1993). Petitioner fails to meet this standard and the record so reflects it.

Role in the Offense

Petitioner contends that his counsel was ineffective for failure to argue and obtain a minimal participant role in the offense; which if granted would have entitled him to a four (4) level reduction to his base offense level. The record contradicts Adorno-Medina.

On September 14, 2006, Adorno-Medina's counsel filed objections to the Pre Sentence Report precisely arguing that he should be given a four (4) point reduction as a minimal participant in the offense (Crim.D.E. 254). The original Pre Sentence Report did not grant Petitioner any reductions for his role in the offense. Once the Objections were filed an amended Pre Sentence Report was filed (Crim.D.E. 261). In the amended report the Probation Officer awarded Adorno-Medina a three (3) point reduction for his role in the offense. The Probation Officer determined that Adorno-Medina's participation fell between a minor and a minimal role hence the three (3) point reduction (Sentencing Hearing transcript of September 14, 2006).

During the Sentencing Hearing counsel for Adorno-Medina

expressed his satisfaction with the amended report and stated to the Court that he had discussed the same with his client (S.H.T. September 14, 2006 at 4-5). It was precisely due to Petitioner's counsel argument for minimal role in the offense that the Probation Officer amended his original report and granted a three (3) point reduction to Adorno-Medina's sentence computation. Recommendation which the Court followed at sentencing.

Clearly, Adorno Medina's counsel was not ineffective. To the contrary the record reflects that due to his objections he was able to obtain a more favorable sentence than the one originally recommended to the Court. Adorno-Medina seems to believe that since his counsel obtained a three (3) point reduction instead of four (4) points as requested this deems him ineffective. Nothing is further from the truth. It was thanks to his counsel's diligence in the matter that he received the reduction requested and the record so reflects it. Adorno-Medina can not meet the Strickland standard of ineffective assistance of counsel as to this claim and therefore the same is **DENIED.**

Drug Amount

Adorno-Medina contends that his counsel was ineffective because he failed to object to the drug amount he was held responsible for in the Pre Sentence Report. Again the allegation is contrary to the record.

Adorno-Medina was convicted by a jury for conspiracy to possess and import into the United States from the Dominican

Republic sixty (60) kilograms of cocaine which he attempted to pick up (S.H.T. September 14, 2006 at 6). Adorno-Medina was sentenced in accordance to the findings of the jury as to drug quantity, there was no plausible objection to be made by his counsel. There is no sentencing error when the sentencing court relies upon amounts that are uncontestedly obvious from trial testimony, United States v. Cotton, 535 U.S. 625 (2002).

Once again Adorno-Medina is foreclosed from meeting the Strickland standard of ineffective assistance of counsel as to this claim and therefore the same is **DENIED.**

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **NELSON J. ADORNO-MEDINA**, is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **NELSON J. ADORNO-MEDINA's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.** Petitioner's request for an evidentiary hearing (D.E. 10) is also **DENIED.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial

Civil No. 09-1997(PG)                                              Page 10

showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st of February, 2012.

<u>s/ Juan M. Pérez-Giménez</u>
**JUAN M. PEREZ-GIMENEZ
UNITED STATES DISTRICT JUDGE**

Civil No. 09-1997(PG)                                              Page 10